UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ARNER, | ) | |
| | ) | |
| Plaintiff, | ) | No: 14 CV 6328 |
| | ) | |
| vs. | ) | |
| | ) | |
| ILLINOIS CONFERENCE OF SEVENTH-DAY ADVENTISTS, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII-RACE DISCRIMINATION)**

**Nature of the Action**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991 ("ACT"), for the Defendant, **ILLINOIS CONFERENCE OF SEVENTH-DAY ADVENTISTS,** ("ADVENTISTS" or Defendant) having subjected Plaintiff, **JOSEPH ARNER**, hereinafter ("ARNER") to race discrimination (disparate treatment) and retaliation despite ARNER his complaints about same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Eastern Division.

4. ARNER is a male Caucasian and had been employed by AVENTISTS from March of 2003 until his wrongful termination in December of 2012.

5. ADVENTISTS is a not-for-profit religious organization in Illinois.

6. On March of 2003, ARNER was hired as a Pastor and was located at his termination in Downers Grove, Illinois.

7. Plaintiff was at all times a good, loyal, hardworking and competent employee of Defendant, and, until his termination, performing to the satisfaction of his employer.

8. ARNER was thereafter wrongfully terminated by Defendant, for reasons set forth below.

9. ADVENTISTS' is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## FACTUAL BASIS

10. This action brought against the Defendant, ADVENTISTS'S having subjected Plaintiff, ARNER to race discrimination by failure to treat him the same as non-Caucasian employees despite ARNER complaints about same. Notwithstanding the foregoing, defendant discriminated against plaintiff in the terms and conditions of his employment on account of his race as further alleged herein.

11. In October of 2012 until December of 2012, plaintiff complained to defendant, about the ongoing acts of discrimination against him by unfairly requesting him to be

reassigned to a post that was totally inconvenient, yet allowing an African-American Black, (another pastor) to be allowed his choice of an area to be a pastor.

12. In December of 2012, defendant terminated plaintiff's employment on account of his race and in retaliation for complaining about the terms and conditions of his employment.

13. Defendant by its action or actions of its agents set forth above, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's employment, and his performance in his occupation, by failing to treat him the same in working assignments as a non-Caucasian. Further, by said acts, Defendant's agents created a discriminatory and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by _inter alia_ the Civil Rights Act of 1991.

14. As a direct result of defendant's actions, plaintiff has suffered damages in excess of $100,000.of race discrimination and disparate treatment by Defendant, Plaintiff has also suffered great pain, humiliation and mental anguish, all to his damage.

15. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

16. Plaintiff exhausted all administrative and other remedies available to his before filing this complaint.

17. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC) in August 19, 2013. That charge was timely filed, under the ACT. (See Exhibit "A")

18. On May 21. 2014, Plaintiff was sent a notice from the EEOC of his right to bring

3

this action (See Exhibit "B"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-RETALIATION)

19. ARNER realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

20. ADVENTISTS'S has intentionally retaliated against ARNER, based upon his complaining that ADVENTISTS'S was not treating him the same in assignments as other fellow employees that were not Caucasian. Wherein, Defendant's agents created a hostile, an offensive and a retaliatory work environment resulting in his termination, all in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

21. By reason of the retaliation of ADVENTISTS'S, ARNER has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

27. Further, said action on the part of the ADVENTISTS'S was done with malice and reckless disregard for ARNER'S protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For compensatory damages of $300,000.00 for each count set forth above;

3. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the

4

Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

4. For such other and further relief as the court deems proper.

JOESPH ARNER

BY:**/S/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith
6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626